UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRITTANY N. WALKER,

        Plaintiff,

v.                                  Case No. 8:22-cv-649-MAP

COMMISSIONER OF SOCIAL SECURITY

        Defendant.

_____/

## ORDER

      Plaintiff seeks judicial review of the denial of her claims for period of disability, child disability insurance benefits, and supplemental security income (SSI) benefits. Plaintiff argues that the Administrative Law Judge (ALJ) committed reversible error by failing to address her learning disabilities and by failing to address an apparent conflict between the DOT and the vocational expert's (VE) testimony. Plaintiff also asserts that the Appeals Council erred by failing to remand her case for further administrative proceedings in light of new evidence. As the ALJ's decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

### I.    Background

      Plaintiff, who was born on December 20, 1999, claimed disability beginning September 1, 2018 (Tr. 575). She was 19 years old on the alleged onset date. Plaintiff graduated from high school in 2018 (Tr. 595). She had not engaged in substantial

gainful activity since September 1, 2018, her alleged onset date (Tr. 594). Plaintiff alleged disability due to sleep apnea, a heart problem, lung problems, acid reflux, and allergies/ sinus (Tr. 594).

Given her alleged disability, Plaintiff filed an application for (Tr. 575-581). The Social Security Administration (SSA) denied Plaintiff's claims both initially and upon reconsideration (Tr. 333-346, 347-360, 367-384, 385-402). Plaintiff then requested an administrative hearing (Tr. 451). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 193-238). Following that hearing, Plaintiff submitted extensive medical records, and in light of those records, the ALJ held a supplemental hearing via telephone to take additional vocational expert testimony and to give Plaintiff an additional chance to provide any other testimony (Tr. 159-184). Following the hearings, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 128-158).

In rendering the administrative decision, the ALJ concluded that Plaintiff had not attained age 22 as of September 1, 2018, her alleged onset date, and had not engaged in substantial gainful activity since her alleged onset date (Tr. 134). After conducting hearings and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: anomalous right coronary artery, status-post coronary artery bypass surgery with vein graft; heart palpitations; gastroparesis; gastritis; hematemesis; diabetes mellitus; diabetic neuropathy; history of psychogenic seizures; asthma; sinusitis and rhinitis; obstructive sleep apnea; obesity; bipolar disorder; depressive disorder; anxiety disorder; post-traumatic stress disorder;

specific learning disorder with impairment in reading; and mild intellectual disability (Tr. 134). Notwithstanding the noted severe impairments and her non-severe impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 135). The ALJ then concluded that Plaintiff retained a residual functional capacity (RFC) to perform light work except that:

> she can stand and walk for six hours total and sit for six hours total. She can occasionally climb ramps and stairs and never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl. The claimant should have no concentrated exposure to fumes, odors, dusts, gases, or other pulmonary irritants and no exposure to hazards. She is limited to simple, routine tasks and there should be no production pace or quota driven work.

(Tr. 140). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 140).

The ALJ found that transferability of job skills is not an issue because Plaintiff does not have any past relevant work (Tr. 148). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (Tr. 148). Specifically, the ALJ found Plaintiff can perform the

jobs of inspector and hand packager (DOT 559.687-074, light and unskilled at SVP 2) with approximately 315,000 jobs nationally; small parts assembler (DOT 706.684-022, light and unskilled at SVP 2) with approximately 197,000 jobs nationally; and electronics worker (DOT 726.687-010, light and unskilled at SVP 2) with approximately 30,000 jobs nationally (Tr. 149). Thus, the ALJ concluded Plaintiff has not been under a disability from September 1, 2018 through the date of the decision, June 8, 2021 (Tr. 149). Given the ALJ's finding, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 17-23). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II.    Standard of Review

The Social Security Act provides disability insurance benefits for a disabled adult child based on the earnings record of an insured person who is entitled to old-age or disability benefits or has died a fully or currently insured individual. 42 U.S.C. § 402(d); 20 C.F.R. § 404.350(a). In order to qualify for child insurance benefits as a disabled adult, several criteria must be met. 20 C.F.R. § 404.350(a)(1)–(5). As relevant here, if the claimant is over 18, the claimant must be unmarried and "have a disability that began before she became 22 years old." § 404.350(a)(4), (5). The Commissioner of Social Security employs the same five-step sequential evaluation process in determining the disability of a child who was under a disability after age 18 but prior to age 22 that is utilized to determine whether adult claimants are entitled to disability

benefits.  *See Mainville v. Comm'r of Soc. Sec.*, No. 6:18-cv-482-Orl-41LRH, 2019 WL 3225579, at *1 (M.D. Fla. July 2, 2019).

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. § 404.1520.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. § 404.1520(a).  Under this process, the ALJ must determine, in sequence, the following:  whether the claimant is currently engaged in substantial gainful activity;  whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions;  whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1;  and whether the claimant can perform his or her past relevant work.  20 C.F.R. § 404.1520(a)(4).  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant

can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 404.1520(g)(1).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the Commissioner, even if it finds that the evidence preponderates against the Commissioner's decision. *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014); *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are

supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*) (citations omitted).

   III.   *Discussion*

   Plaintiff argues that the Administrative Law Judge (ALJ) committed reversible error by failing to address her learning disabilities and by failing to address an apparent conflict between the DOT and the vocational expert's (VE) testimony. Plaintiff also asserts that the Appeals Council erred by failing to remand her case for further administrative proceedings in light of new evidence.

   For the foregoing reasons, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence. Furthermore, the Appeals Council did not err in denying review and failing to remand for further administrative proceedings.

   A.   *RFC*

   Plaintiff asserts that the ALJ erred in formulating the RFC because it does not reflect the learning disorder with impairment in reading and a mild intellectual disability. She indicates the hypothetical question that the ALJ posed to the VE was insufficient as it failed to reflect her ability to read and write. She suggests that two of the jobs identified by the VE require a language level of two (as defined in the Dictionary of Occupational Titles (DOT)). The DOT defines a language level of 2 as follows:

Passive vocabulary of 5,000 to 6,000 words.  Read at rate of 190-215 words per minute.  Read adventure stories and comic books, looking up unfamiliar words in dictionary for meaning, spelling, and pronunciation.  Read instructions for assembling model cars and airplanes.

*See* DICOT 559.687-074, 1991 WL 683797 (4th ed., revised 1991).

In response, the Commissioner states that Plaintiff reported she was able to follow written and spoken instructions (Tr. 137, 662); she spent time reading (Tr. 138, 661); she graduated from high school with a standard diploma (Tr. 137, 727); and she could prepare her own meals and shop in stores (Tr. 138, 658-660).  Additionally, the Commissioner indicates that the ALJ discussed and/or examinations revealed logical and coherent speech, adequate fund of knowledge, normal computational skills, intact associations, pleasant, cooperative, good eye contact, normal attitude, normal behavior, normal mood and affect, intact judgment and insight, and logical thought process (Doc. 21 at 5).  The Commissioner points out that the ALJ relied on prior administrative medical findings of State Agency psychological consultants who limited Plaintiff to simple work but included no other limitations that related to reading (Tr. 147); that Plaintiff was able to complete disability and function reports to the SSA (Tr. 594, 657-64, 665-68); and that both Plaintiff and her mother reported that her hobbies include reading and that she was "good" at following written instructions (Tr. 651-52, 661-62).  The Commissioner also notes that Plaintiff reported that she attended college (Tr. 658).  Thus, the Commissioner asserts that substantial evidence supports the ALJ's RFC.

A claimant's RFC is the most work she can do despite any limitations caused by her impairments. 20 C.F.R. § 404.1545(a)(1). Formulation of the RFC is reserved for the ALJ, who must support his findings with substantial evidence. *See* 20 C.F.R. § 404.1546(c); *Beegle v. Comm'r of Soc. Sec.*, 482 F. App'x 483, 486 (11th Cir. 2012) ("A claimant's residual functional capacity is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive."); *Cooper v. Astrue*, 373 F. App'x 961, 962 (11th Cir. 2010) (the assessment of a claimant's RFC and corresponding limitations are "within the province of the ALJ, not a doctor"). To determine a claimant's RFC, an ALJ makes an assessment based on all the relevant evidence of record as to what a claimant can do in a work setting despite any physical or mental limitations caused by the claimant's impairments and related symptoms. 20 C.F.R. § 404.1545(a)(1). In rendering the RFC, therefore, the ALJ must consider the medical opinions in conjunction with all the other evidence of record and will consider all the medically determinable impairments, including impairments that are not severe, and the total limiting effects of each. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(2) & (e); *see Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1268 (11th Cir. 2019) (*per curiam*) (citation omitted) ("Consideration of all impairments, severe and non-severe, is required when assessing a claimant's RFC"); *see Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (the "ALJ must consider the applicant's medical condition taken as a whole"). In doing so, the ALJ considers evidence such as the claimant's medical history; medical signs and laboratory findings; medical source statements; daily activities; evidence from

attempts to work; lay evidence; recorded observations; the location, duration, frequency, and intensity of the claimant's pain or other symptoms; the type, dosage, effectiveness, and side effects of any medication or other treatment the claimant takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the claimant receives or has received for relief of pain or other symptoms; any measures the claimant uses or has used to relieve pain or symptoms; and any other factors concerning the claimant's functional limitations and restrictions. 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 404.1545(a)(3); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996); SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017).

Plaintiff's argument here is, in essence, that there is evidence in the record that *could* support a different RFC determination. Specifically, Plaintiff complains that the RFC should have also included her specific learning disorder with impairment in reading and a mild intellectual disability. As discussed above, however, the record shows that Plaintiff has abilities consistent with the DOT description of language level two. Moreover, even assuming Plaintiff provided ample evidentiary support for these additional limitations, which is debatable, her request is outside of the scope of this Court's review. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) ("To the extent that Moore points to other evidence which would undermine the ALJ's RFC determination, her contentions misinterpret the narrowly circumscribed nature of our appellate review, which precludes us from 're-weigh[ing] the evidence or substitut[ing] our own judgment for that [of the Commissioner]' ….") (alteration in original). When reviewing an ALJ's decision, the Court's job is to determine whether the

administrative record contains enough evidence to support the ALJ's factual findings. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, ___ U.S. ___; 139 S.Ct. 1148, 1154 (2019). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Id.* In other words, the Court is not permitted to reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth*, 703 F.2d at 1239. Substantial evidence supports the ALJ's RFC determination. Thus, the ALJ's RFC determination should stand.

### B. Apparent conflict

Next, Plaintiff asserts the ALJ erred at step five by failing to identify and resolve an apparent inconsistency between the VE testimony and the DOT. In this circuit, the ALJ has an affirmative duty to identify and resolve any apparent conflicts between a VE's testimony and the DOT job requirements, pursuant to SSR 00-4p. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353 (11th Cir. 2018). "An 'apparent conflict' is more than just a conflict that is made apparent by the express testimony of the VE. It is a conflict that is reasonably ascertainable or evident from a review of the DOT and the VE's testimony. At a minimum, a conflict is apparent if a reasonable comparison of the DOT with the VE's testimony suggests that there is a discrepancy, even if, after further investigation, that turns out not to be the case." *Id.* at 1365.

The ALJ, based on the testimony of the VE, found Plaintiff capable of performing work in the national economy including the jobs of inspector and hand packager (DOT 559.687-074, light and unskilled at SVP 2) with approximately

315,000 jobs nationally; small parts assembler (DOT 706.684-022, light and unskilled at SVP 2) with approximately 197,000 jobs nationally; and electronics worker (DOT 726.687-010, light and unskilled at SVP 2) with approximately 30,000 jobs nationally (Tr. 149). Plaintiff argues that there was an apparent conflict between the VE's testimony that she can perform the job of small products assembler as she is not able to perform production pace or quota driven work.

The Commissioner asserts that an apparent conflict with the DOT and VE's testimony with respect to her limitation of no production pace or quota driven work does not warrant remand. Plaintiff's ability to perform the other jobs identified by the VE, inspector and hand packager (DOT 559.687-074) and electronics worker (DOT 726.687-010), represents a significant number of jobs in the national economy, specifically 345,000 jobs. *See* Doc. 21 at 9 (citing *Allen v. Brown,* 816 F.2d 600, 602 (11th Cir. 1987) (noting 80,000 jobs in the national economy was a significant number)). Moreover, the Commissioner states that in stark contrast to the recent decision in *Vivarette v. Comm'r of Social Security,* 13 F.4th 1309 (11th Cir. 2021), the apparent conflict here affected only approximately 36% of the jobs relied upon by the ALJ, leaving 345,000 remaining jobs, which Plaintiff never called into question at the hearing.

Upon consideration, the Court agrees. *See Wooten v. Comm'r of Soc. Sec.,* 787 F.App'x. 671, 674 (11th Cir. 2019) (finding that even if ALJ erred in concluding that Wooten could perform jobs with reasoning level three error would be harmless since VE also identified a job with a reasoning level of one that plaintiff did not allege was

inconsistent with her RFC); *Peterson v. Comm'r of Soc. Sec.*, case no. 2:19-cv-566-FtM-29NPM, 2020 WL 6708022 (M.D. Fla. Nov. 16, 2020) (finding ALJ's failure to resolve apparent conflict between VE testimony and DOT harmless where VE identified other jobs that existed in significant numbers in national economy that plaintiff could perform); *Zeh v. Saul*, case no. 8:18-cv-1608-T-SPF, 2019 WL 4233765, *3 (M.D. Fla. Sept. 6, 2019) (affirming ALJ's decision where VE's testimony included one position plaintiff could perform and finding any error in listing other positions harmless) (citation omitted).[1]

The Court notes that failure to inquire about this apparent conflict does not warrant remand as no harm resulted to Plaintiff. *See Zirnsak v. Colvin*, 777 F.3d 607, 618 (3d Cir. 2014) (holding that failure to inquire about or reconcile an apparent conflict does not warrant remand when no harm was done to claimant). *See also Caldwell v. Barnhart*, 261 F. App'x. 188, 190 (11th Cir. 2008) ("When … an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand.") (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)). "The burden of showing that an error is harmful normally falls on the party attacking the agency's

---

[1] Notably, the Eleventh Circuit has "never held that a minimum numerical count of jobs must be identified in order to constitute work that 'exists in significant number' under the statute and regulations." *Atha v. Comm'r of Soc. Sec.*, 616 F. App'x 931 (11th Cir. 2015) (finding 23,800 jobs in national economy constituted a "significant number") (quoting *Allen v. Bowen*, 816 F.2d 600, 603 (11th Cir. 1987)). As the *Atha* court held, although the ALJ bears the burden to identify jobs in the national economy that a plaintiff can perform, "the ALJ need not identify a certain number of jobs for its decision to be supported by substantial evidence." *Id.*

determination." *See Barnes v. Saul*, case no. 8:19-cv-752-T-TGW, 2020 WL 4283236 (M.D. Fla. July 24, 2020) (quoting *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)).  In *Barnes*, the court found that the ALJ's failure to include environmental limitations in the VE hypothetical was a harmless error where the VE identified jobs that did not require exposure to environmental conditions.  *Id*. at *3.  The *Barnes* court reasoned that the plaintiff failed to offer any evidence that he could not perform the jobs identified by the VE and adopted by the ALJ, and as such had failed to establish his burden of inability to perform the identified jobs.  *Id*. at *4 (citing *Williams v. Barnhart*, *supra*, 140 F.App'x at 937).  Similarly, in this case, the VE opined that Plaintiff can perform the jobs of inspector and hand packager (DOT 559.687-074, light and unskilled at SVP 2) with approximately 315,000 jobs nationally and electronics worker (DOT 726.687-010, light and unskilled at SVP 2) with approximately 30,000 jobs nationally (Tr. 149).  *See also* 20 C.F.R. § 416.966(b) ("Work exists in the national economy when there is a significant number of jobs (in one or more occupations) which you are able to meet with your physical or mental abilities and vocational qualifications.").  Like Barnes, Plaintiff here has failed to show that she is unable to perform the jobs of inspector and hand packager and electronics worker, jobs that are consistent with the ALJ's RFC.  Thus, the error is considered harmless.  *See e.g. Lewis v. Comm'r of Soc. Sec.*, case no. 6:17-cv-356-Orl-37DCI, 2017 WL 8809369 (M.D. Fla. 2017) (finding that although ALJ erred by posing hypothetical to VE that inconsistent with ALJ's RFC determination such error was harmless because VE testified plaintiff could perform past relevant work that DOT defined as medium work, an exertional

level that ALJ had found plaintiff could perform). Moreover, the Court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (citing *Martin v. Sullivan*, 894 F.2d 1529 (11th Cir. 1990) ("If the Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it."). Substantial evidence supports the ALJ's decision.

### C. New Evidence

Lastly, Plaintiff maintains that the Appeals Council erred by failing to remand her case due to new evidence from Physicians Partners of America Pain Relief Group dated June 22, 2021, through October 20, 2021, that she presented to the Appeals Council. The Appeals Council determined this new evidence "did not relate to the period at issue" (i.e., it was not chronologically relevant) and, thus, "does not affect the decision about whether [claimant] was disabled beginning on or before June 18, 2021" (Tr. 18). Hence, the Appeals Council denied review. The Commissioner states that the Appeals Council did not err, as the new evidence consists of routine treatment records dated after the date of the ALJ's decision that reflect examination findings and treatment from after the relevant time period, including a new diagnosis, new abnormal findings, and new treatments (Tr. 27-84, 93-127). The Commissioner states that even if the new evidence confirmed a diagnosis found in evidence included in the administrative record, the new evidence still would not be considered chronologically relevant. *See* Doc. 21 at 17-18 (citing *Washington v. Soc. Sec. Admin.*, 791 F. App'x. 871, 877 (11th Cir. 2019) (finding new evidence that confirmed a diagnosis of depression

and PTSD "utterly fails to show how [the new evaluation] relates to the time period on or before the ALJ's decision."). Likewise, the Commissioner states that new evidence demonstrating a worsening of a condition or the onset of a new condition is not chronologically relevant either. *See* Doc. 21 at 18 (citing *Stone v. Comm'r of Soc. Sec.,* 658 F. App'x 551, 553 (11th Cir. 2016) ("absent evidence about when [claimant's condition] worsened, the [new evidence] says nothing about [claimant's] condition or onset of a new condition after the date of the ALJ's decision"); *Ashley v. Comm'r of Soc. Sec.*, 707 F. App'x 939, 944 (11th Cir. 2017) (post-decision medical records about treatment for new and worsening conditions may be basis for new application for benefits, but do not relate back to the period on or before the ALJ's decision).

If a claimant submits new, noncumulative, and material evidence to the Appeals Council after the ALJ's decision, the Appeals Council shall consider such evidence, but only where it relates to the period on or before the date of the ALJ's hearing decision. 20 C.F.R. § 404.970(b). "Material" evidence is evidence that is "relevant and probative so that there is a reasonable possibility that it would change the administrative result." *Smith v. Comm'r Soc. Sec.*, 272 F. App'x 789, 800-01 (11th Cir. 2008) (*per curiam*) (quoting *Milano v. Bowen*, 809 F.2d 763 (11th Cir. 1987)).

Upon consideration, I find that the Appeals Council did not err in denying review. Plaintiff's bare bones argument that her new evidence would change the administrative outcome is without merit. This Court cannot speculate that examination findings and a new diagnosis made after the relevant time period provide any information about Plaintiff's medical status the relevant time period.

*IV.    Conclusion*

Accordingly, after consideration, it is hereby

ORDERED:

1.      The decision of the Commissioner is affirmed.

2.      The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 13th day of March, 2023.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE


cc:     Counsel of Record